## Commonwealth v. Werry

Before O'Connell, P. J., Weiss and Sculco, JJ.

*Thomas R. Mahady*, for plaintiff.

*A. C. Scales* and *Charles E. Marker*, for defendant.

SCULCO, J., December 10, 1962.—This case is before the court on petition of Charles Frank Werry and a rule issued thereon by the Clerk of Courts of Westmoreland County, to show cause why the certification of the record at the above number and term to the Department of Revenue, Bureau of Traffic Safety, should not be recalled, suspended and declared null and void and of no effect.

Defendant, Charles Frank Werry, was arrested and indicted at no. 116 April term, 1962, in the Court of Quarter Sessions of Westmoreland County, on two counts: (1) larceny and (2) receiving stolen goods. On May 24, 1962, defendant pleaded guilty and was sentenced by the court.

The clerk of courts then certified the abstract of the same to the Secretary of Revenue, Commonwealth of Pennsylvania, under the provisions of The Vehicle Code of April 29, 1959, P. L. 58, sec. 616(a)(2), 75 PS §616, which reads as follows:

"(a) Upon receiving a certified record, from the clerk of the court, of a proceeding in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privilege . . ."

"(2) Any crime punishable as a felony under the motor vehicle or tractor laws of this Commonwealth, or any other felony in the commission of which a motor vehicle or tractor is used."

The information in part reads as follows:

". . . did then and there unlawfully and feloniously take, steal and carry away certain goods, chattels and property, to wit: four (4) automobile chrome wheel discs 14″, from a certain motor vehicle, a 1960 Chevrolet Convertible bearing Pennsylvania Registration Tag Number 444TV, said stolen property being of the total value of $60.00 in lawful money of the United States of America, and being the property of and belonging to one Robert Lee Whetzel, of 1716 Cottage Lane, Greensburg, Penna."

There is nothing in the record which states that a motor vehicle was used in the commission of these crimes, and this court is bound by the record. See Commonwealth v. Edgar M. Walker, no. 216 April term, 1961, in the Court of Quarter Sessions of Westmoreland County, Pennsylvania.

It is the opinion of this court that there must be sufficient evidence either in the information, in the indictment, or in the testimony that defendant used a motor vehicle in the commission of a felony, and since there was no evidence of this in this case in the record, then, therefore, the license of defendant should not be revoked for this reason.

The second issue involved is whether the felonious taking of four hubcaps from an automobile is such a crime as to come within the purview of the section of the statute, which states as follows:

"Any crime punishable as a felony under the motor vehicle or tractor laws of this Commonwealth, or any other felony in the commission of which a motor vehicle or tractor is used."

It is clear that the intention of the legislature in enacting this particular statute was to revoke the license of a person who used an automobile in the commission of felonies. In other words, it wanted to deprive a person of his right to drive a motor vehicle if he used it to

perpetrate a felony, but nowhere in the act, nor in any act of the legislature, does it state that the felonious taking of the parts of an automobile constitutes such an offense as to come within the purview of this statute.

If this contention of the attorney for the Commonwealth were sustained, it would mean that any person, even if he walked to the scene of the crime, and feloniously took any part of an automobile, would be subject to have his license revoked under this act.

This certainly was not the intention of the legislature and, therefore, it is the opinion of this court that the felonious taking of parts of a motor vehicle is not such an offense as to come within the purview in the above cited statute.

And now, December 10, 1962, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the rule heretofore granted be and the same hereby is made absolute, and the clerk of courts is hereby directed to recall the certification of the record to the Department of Revenue, Commonwealth of Pennsylvania, Bureau of Traffic Safety, and said certification be and the same hereby is declared null, void and of no effect.